# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SALEM,<br><br>                  Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURNCE CORPOATION, as Receiver for LA JOLLA BANK, FSB; UNITED STATES OF AMERICA,<br><br>                  Defendants. | Case No.: 15-CV-1114-AJB-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(Doc. No. 74) |

Presently before the Court is Plaintiff Christopher Salem's ("Salem") motion for reconsideration of the Court's order dated December 14, 2016 ("Order"), which granted motions to dismiss filed by Defendants Federal Deposit Insurance Corporation as Receiver for La Jolla Bank, FSB ("FDIC-R") and the United States of America ("United States") (collectively, "Defendants") and denying Salem's motion for leave to file an amended complaint. (Doc. No. 74.) Dedendants oppose the motion. (Doc. Nos. 76, 77.) Having reviewed the parties' legal arguments in light of controlling authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for disposition without oral argument. Accordingly, the hearing currently set for ***May 4, 2017, at 2:00 p.m.*** is hereby **VACATED**. For the reasons set forth below, the Court **DENIES** Salem's motion.

## BACKGROUND

In its order dismissing Salem's complaint with prejudice and denying him leave to file an amendment, the Court exhaustively summarized this case's factual and procedural background. (Doc. No. 68.) *See Salem v. F.D.I.C.*, No. 15-CV-1114-AJB-BGS, 2016 WL 7229424 (S.D. Cal. Dec. 14, 2016). The Court assumes familiarity with that Order and will accordingly not recite the facts here. In short, this lawsuit is predicated on purported misconduct of the FDIC-R (and through the FDIC-R's actions, the United States) throughout the foreclosures of Salem's two Hawaii-based properties and subsequent multiple lawsuits stemming from those foreclosures. The FDIC-R, along with other entities whose conduct Salem seeks to impute to the FDIC-R, is alleged to have committed fraud against, made misrepresentations to, and concealed documents from Salem.

Salem instituted this lawsuit on May 18, 2015. (Doc. No. 1.) After having a prior iteration of the complaint dismissed, Salem filed a third amended complaint ("TAC") on February 18, 2016. (Doc. No. 37; *see* Doc. Nos. 5, 6, 32.) In the TAC, Salem asserted the Court has subject matter jurisdiction over this dispute by virtue of the Federal Tort Claims Act ("FTCA"). (Doc. No. 37 ¶ 5.)

Both Defendants moved to dismiss the TAC on the basis of lack of subject matter jurisdiction and failure to state a claim under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] (Doc. Nos. 40, 60.) After the FDIC-R filed its motion to dismiss, but before the United States filed its motion, Salem filed a motion for leave to file a fourth amended complaint ("FAC"). (Doc. No. 58.) The parties fully briefed all three motions. (Doc. Nos. 47, 48, 50, 62–66.)

After considering the parties' arguments, the Court dismissed Salem's TAC for lack of subject matter jurisdiction. (Doc. No. 68 at 6–10.) The Court concluded it could not entertain Salem's claims against the United States because the FTCA's limited waiver of the United States' sovereign immunity does not extend to claims arising out of

---

[1] All subsequent references to "Rules" are to the Federal Rules of Civil Procedure.

misrepresentation, fraud, or deceit. (*Id.* at 8–9.) The Court further concluded it could not exercise subject matter jurisdiction over the FDIC-R because the FTCA "only allows claims against the United States. . . . [A]n agency itself *cannot* be sued under the FTCA." (*Id.* at 7 (quoting *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998).) The Court finally concluded permitting Salem to file the FAC would be futile because the proposed amendment failed to cure the deficiencies that served as the basis for the Court's dismissal, notwithstanding having the benefit of the FDIC-R's motion to dismiss on the docket prior to Salem filing his motion for leave to amend. (*Id.* at 10–13.)

## **LEGAL STANDARD**

Where the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment). *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Rule 59(e) provides that a court may alter or amend the judgment after the judgment's entry. "[T]he district court enjoys considerable discretion in granting or denying [a Rule 59(e)] motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). However, because "the rule offers an extraordinary remedy, [it should] be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and internal quotation marks omitted). As such, a Rule 59(e) motion generally should not be granted absent highly unusual circumstances, *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999), such as an intervening change in controlling law, the availability of newly discovered or previously unavailable evidence, or the need to correct an error or

prevent a manifest injustice, *Allstate Ins. Co.*, 634 F.3d at 1111; *see also McDowell*, 197 F.3d at 1255 n.4 (finding no abuse of discretion "merely because the underlying order is erroneous, rather than clearly erroneous").

Alternatively, a district judge may provide relief from final judgment under Rule 60(b) if the moving party can show "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting Fed. R. Civ. Pro. 60(b)) (alterations in original).

A Rule 60(b) motion, however, is "not a vehicle to reargue [a] motion or to present evidence which should have been raised before." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citation omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Id.* (citation and internal quotation marks omitted). Ultimately, motions for reconsideration are committed to the district court's discretion. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## DISCUSSION

Salem makes multiple requests in his motion for reconsideration. First, he asserts the Court's ruling relating to subject matter jurisdiction is incorrect because (1) the FDIC administrative rule codified at 12 U.S.C. § 1821(d)(6)(A)(ii) provides for judicial review of the agency's disallowance of a claim; and (2) the Court erroneously relied on the FDIC-R's "bar date" on his administrative claim to foreclose his right to claim monies. (Doc. No. 74 at 3). Salem also asks the Court to clarify its ruling related to subject matter jurisdiction.
4

15-CV-1114-AJB-BGS

prevent a manifest injustice, *Allstate Ins. Co.*, 634 F.3d at 1111; *see also McDowell*, 197 F.3d at 1255 n.4 (finding no abuse of discretion "merely because the underlying order is erroneous, rather than clearly erroneous").

Alternatively, a district judge may provide relief from final judgment under Rule 60(b) if the moving party can show "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting Fed. R. Civ. Pro. 60(b)) (alterations in original).

A Rule 60(b) motion, however, is "not a vehicle to reargue [a] motion or to present evidence which should have been raised before." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citation omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Id.* (citation and internal quotation marks omitted). Ultimately, motions for reconsideration are committed to the district court's discretion. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## DISCUSSION

Salem makes multiple requests in his motion for reconsideration. First, he asserts the Court's ruling relating to subject matter jurisdiction is incorrect because (1) the FDIC administrative rule codified at 12 U.S.C. § 1821(d)(6)(A)(ii) provides for judicial review of the agency's disallowance of a claim; and (2) the Court erroneously relied on the FDIC-R's "bar date" on his administrative claim to foreclose his right to claim monies. (Doc. No. 74 at 3). Salem also asks the Court to clarify its ruling related to subject matter jurisdiction.

4

15-CV-1114-AJB-BGS

(*Id.* at 7.)

Second, Salem contends the Court's denial of leave to amend the complaint was unfair because amendment would not be futile. (*Id.* at 2.) Third, Salem argues the Court's denial of his request to stay the instant proceedings "seems unfair, prejudiced, and in complete contradiction to judicial economy." (*Id.* at 4.) Finally, Salem seeks reconsideration of Magistrate Judge Skomal's denial of his motion to compel the FDIC-R to release certain documents. (*Id.*) He asserts this denial prejudiced him in that it prevented him from proving amendment would not be futile because it would prove denial of his administrative claim was groundless. (*Id.* at 4–5.)

The Court rejects each of Salem's claims. An overarching issue with Salem's motion is that he misconstrues the purpose of a motion for reconsideration. Whether brought under Rule 59(e) or 60(b), such motions "are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Kilbourne v. Coca-Cola Co.*, No. 14cv984-MMA (BGS), 2015 WL 10943610, at *2 (S.D. Cal. Sept. 11, 2015) (quoting *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013)). That he clearly disagrees with the Court's decision does not render relief appropriate. *See Westlands Water Dist.*, 134 F. Supp. 2d at 1131 ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (citation and internal quotation marks omitted)); *see also McDowell*, 197 F.3d at 1255 n.4 (finding no abuse of discretion "merely because the underlying order is erroneous, rather than clearly erroneous").

Beyond this basic issue, Salem's contentions are meritless. To the extent Salem cites to the FDIC-R's denial of his administrative claim based on the "bar date" as the basis for the Court's determination that subject matter jurisdiction does not exist in this case, he is wrong. The Court's determination that subject matter jurisdiction does not exist over the FDIC-R was predicated upon the fact that the FTCA does not permit lawsuits against federal agencies. (Doc. No. 68 at 7–8.)

Salem's invocation of 12 U.S.C. § 1821(d)(6) similarly does not require relief on the instant motion. Salem expressly invoked the FTCA as the basis for the Court's jurisdiction in the TAC and proposed FAC, and he did not argue § 1821(d)(6) as a basis for jurisdiction in his oppositions to Defendants' motions to dismiss. (Doc. No. 37 ¶ 5; Doc. No. 58-1 ¶ 5.) Because this is an argument he could have, and should have, invoked at that time, he cannot raise it now. *See Shaw v. Experian Information Solutions, Inc.*, No. 13-CV-1295 JLS (BLM), 2016 WL 7634441, at *1 (S.D. Cal. Apr. 4, 2016) ("A party may not raise new arguments or present new evidence if [he] could have reasonably raised them earlier." (citing *Kona Enters.*, 229 F.3d at 890)).[2]

To be clear, the Court's dismissal of this case rested exclusively on the conclusion that the Court lacks subject matter jurisdiction over Salem's claims as alleged in the TAC. This determination turned on the conclusion that, when viewing the allegations contained in the complaint, Salem sought to sue Defendants for misrepresentation, fraud, and deceit. (Doc. No. 68 at 9–10; *see id.* at 7.)[3] The Court determined it cannot exercise subject matter

---

[2] The Court also notes that, in light of Salem's administrative claim being disallowed on November 18, 2014, (Doc. No. 37-2), his complaint—filed on May 18, 2015—appears to be untimely under 12 U.S.C. § 1821(d)(6). Section 1821(d)(6)(A)(ii) provides a 60-day limitations period for filing a lawsuit for judicial review of a disallowance that begins to run from the date of notice of disallowance. 12 U.S.C. § 1821(d)(6)(A)(ii). Section 1821(d)(6)(B)(ii) states that the failure to file the lawsuit within the limitations period results in the claim being disallowed, "such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." *Id.* § 1821(d)(6)(B)(ii); *see also Jette v. Orange Cnty. Fin., Inc.*, No. 2:08-CV-1767-GEB-EFB, 2009 WL 5029563, at *3 (E.D. Cal. Dec. 15, 2009) ("Plaintiffs' failure to act within the sixty day statutory time period is fatal to their [] claim against the FDIC. Since the court has no jurisdiction over claims filed outside of the [sixty]-day statute of limitations mandated by § 1821(d)(6)(B), Plaintiffs' [] claim against the FDIC is dismissed." (citation and internal quotation marks omitted)).

[3] Salem takes issue with this conclusion. (Doc. No. 74 at 4.) However, Salem does not disagree with the observation that his complaint is replete with multiple allegations of deceit, concealment, and misrepresentation. (*See, e.g.*, Doc. No. 37 ¶¶ 18, 20, 22, 33, 46, 50, 52–53, 56, 58; *id.* at Ct. III ¶ 1, Ct. IV ¶¶ 1, 10.) The law is quite clear that sovereign immunity bars claims against the United States that are predicated upon allegations of

jurisdiction over the United States because the FTCA, which provides a limited waiver of the United States' sovereign immunity, does not permit the United States to be sued for fraud or deceit. (Doc. No. 68 at 9–10.) The Court further determined it cannot exercise subject matter jurisdiction over the FDIC-R because the FTCA—which Salem expressly invoked as the basis for jurisdiction in this case, (Doc. No. 37 ¶ 5)—"only allows claims against the United States. . . . [A]n agency itself *cannot* be sued under the FTCA." (Doc. No. 68 at 7–8 (quoting *Craft*, 157 F.3d at 706).) As such, the Court rendered no rulings on the merits of Salem's claims.[4]

Salem contends the Court improperly denied him leave to file his proposed FAC because amendment was not futile. (Doc. No. 74 at 2.) However, as just explained, Salem has provided no basis for revisiting the Court's decision relating to subject matter jurisdiction.[5] Nor does he dispute that the FAC was virtually identical to the TAC,

---

misrepresentation, fraud, or deceit. 28 U.S.C. § 2680(h) (exempting misrepresentation and deceit from the FTCA's waiver of immunity); *Owyhee Grazing Ass'n v. Field*, 637 F.2d 694, 697 (9th Cir. 1981) ("[C]laims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h).") Because Salem has identified no error of fact or law as it relates to the Court's determination that all of his claims sound in fraud or deceit, relief on this motion is inappropriate.

[4] Salem nitpicks the Court's recitation of the case's factual background. (Doc. No. 74 at 7–8.) The sentences Salem plucks from the Order have absolutely no bearing on the instant motion. As just stated, the Court's decision rested exclusively on its lack of subject matter jurisdiction. Accordingly, whether the loans were cross collaterized and allowed the bank to foreclose on both properties, (*id.* at 5), whether a law firm's concurrent representation of the FDIC-R and One West Bank was improper, (*id.* at 8), or whether the FDIC-R was controlling the bank's actions, (*id.* at 9), played absolutely no role in the Court's analysis and conclusions.

[5] In fact, Salem's motion practice only supports the Court's conclusion that this case is one sounding in misprensetation, fraud, and deceit, notwithstanding the labels he places on his claims. (Doc. No. 65 at 14 (Salem's opposition to United States' motion to dismiss, describing the complaint as "a roadmap focusing on a single lane of continuing *concealment* of [] Salem's [] mortgage loan documents at every turn under the control and purview of the FDIC-R" (emphasis added)); Doc. No. 78 at 5 (Salem's reply in support of motion for reconsideration, stating he will seek sanctions against, *inter alia*, the FDIC-R "for malpractice, bad faith, and *fraud*" (emphasis added)).)

7

notwithstanding having had the benefit of both the Court's previous dismissal of his complaint and the FDIC-R's motion to dismiss the TAC on the docket before filing his request for leave to amend. As such, the Court declines to exercise its discretion to grant Salem relief on this point.

Salem next argues the Court's denial of his request to stay the instant proceedings "seems unfair, prejudiced, and in complete contradiction to judicial economy." (*Id.* at 4.) Given that Salem does not identify any clear error with the Court's denial, but rather only observes the denial "seems unfair," the Court declines to grant relief on this point. Similarly unavailing is Salem's contention that reconsideration of Judge Skomal's denial of Salem's motion to compel is appropriate. Salem identifies no basis for reconsideration as listed in Rules 59(e) and 60(b), but merely points to the prejudice the denial has caused him. (*Id.* at 5, 9.) This is insufficient to justify relief on this motion.[6]

Finally, Salem asks the Court to clarify its Order in two respects. First, Salem asks the Court to confirm that the Order "does not allow FDIC-R <u>any form of relief</u> or rights of asserting res judicata on the merits" of claims he has currently pending before the District

---

[6] Salem asserts denial of his motion to compel prejudiced him from proving amendment would not be futile. (Doc. No. 74 at 4.) Yet the Court's conclusion that amendment is futile was based on Salem's own complaints. It was Salem's failure to properly state subject matter jurisdiction in five versions of his complaint that led the Court to determine amendment would be futile. Any documents in the FDIC-R's possession would not alter the Court's conclusion.

To the extent Salem is confused by the Court's explanation of a factual challenge versus a facial challenge to subject matter jurisdiction, (*see* Doc. No. 78 at 3), the Court clarifies that a defendant may assert one of these two types of challenges. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In the instant case, Defendants asserted facial challenges. In other words, they contended that the TAC did not state subject matter jurisdiction on its face, without the need to submit extraneous documents to establish this deficiency. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (stating that where a party asserts a facial challenge, the court limits its inquiry to the allegations set forth in the complaint). As such, Judge Skomal's denial of Salem's motion to compel played no part in the Order or Salem's failure to show amendment would not be futile.

Court of Hawaii. (*Id.* at 4 (emphasis in original).) Second, he asks the Court to clarify whether its Order forecloses his right "to file suit for judicial adjudication of the FDIC-R' [*sic*] Administrative Claim under 12 U.S.C. § 1821(d)(6)(A)(ii)." (*Id.* at 10.)

The Court cannot provide the requested guidance. As an initial matter, the Court is not permitted to issue advisory opinions. *F.C.C. v. Pacifica Found.*, 438 U.S. 726, 735 (1978) ("federal courts have never been empowered to issue advisory opinions"). Accordingly, the Court cannot advise Salem on the rulings the District of Hawaii may issue or whether it is appropriate for him to seek relief in another forum. Even if it were appropriate for the Court to issue such an opinion, the Court cannot provide the "clarifications" Salem seeks for another basic reason: The Court does not have before it all the facts necessary to render such a determination. The Court cannot say, for example, whether the FDIC-R can invoke res judicata or another doctrine to bar further litigation because it cannot be told, from the facts before the Court, whether the elements of res judicata are met. The Court can simply clarify that its Order dismissing this case with prejudice is predicated solely on the conclusion that Salem's claims in this case sound in fraud and deceit, and the FTCA does not waive sovereign immunity for such claims against Defendants. It is for the District of Hawaii to determine, based on all the facts before it, whether res judicata or another doctrine will foreclose litigation in that lawsuit based upon the Court's decision in this case.

## CONCLUSION

The Court is sensitive to Salem's position. However, the law is clear: The United States is immune from suits sounding in fraud and deceit, and its agencies cannot be sued under the FTCA. As such, Salem's motion for reconsideration is **DENIED**. (Doc. No. 74.) **IT IS SO ORDERED.**

Dated: April 17, 2017

Hon. Anthony J. Battaglia
United States District Judge